UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X  For Online Publication Only
PATOMA PARTNERS LLC,

                        Plaintiff,  **ORDER**
                                                           14–CV–2529 (JMA)

   -against-

MB1 CAPITAL PARTNERS, LLC, MB1 BELMAR,
LLC, and MB1 MARCY, LLC,

                      Defendants.
----------------------------------------------------------------X

A P P E A R A N C E S:

Donald F. Schneider
Mark E. Klein
Silverman Sclar Shin & Byrne PLLC
381 Park Avenue South, 16th Floor
New York, NY 10016
     *Attorneys for Plaintiff*

Philip C. Korologos
Christopher Daniel Belelieu
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
     *Attorneys for Defendants*

**AZRACK, United States Magistrate Judge:**

       Plaintiff Patoma Partners LLC ("Patoma") filed a motion, under Local Rule 6.3, for reconsideration of my August 15, 2014 Order ("August 15 Order"). For the reasons stated below, that motion is denied.

       "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources . . . ." Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quotation marks and citation omitted). "'The major grounds justifying reconsideration are an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "[On a Local Rule 6.3 motion,] a party may not advance new facts, issues, or arguments, not previously presented to the Court." Goonan v. Fed. Reserve Bank of New York, No. 12-cv-3859, 2013 WL 1386933, at *1 (S.D.N.Y. Apr. 5, 2013) (quoting Polsby v. St. Martin's Press, No. 97-cv-690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)). "Ultimately, the decision as to whether to grant a motion for reconsideration rests within the sound discretion of the district court." Callari, 988 F. Supp. 2d at 287.

As a threshold matter, the Court finds that denial of Patoma's motion is warranted because Patoma never mentioned the possibility of a reconsideration motion at the August 19, 2014 auction and did not seek to adjourn the auction in anticipation of filing such a motion. In light of this, the Court declines to exercise its discretion in favor of Patoma's request for reconsideration. Given Patoma's silence regarding reconsideration prior to the auction, denial of the instant motion would not result in a manifest injustice. Moreover, even if Patoma's failure to raise the issue of reconsideration at the August 19, 2014 auction did not warrant denial of the instant motion, Patoma's motion fails on other grounds.

First, Patoma contends that the Court overlooked Patoma's "prodigious work" concerning the Ground Leases. (Pls.' Mem. in Supp. of Motion for Reargument and Reconsideration ("Pl.'s Mem.") at 2, ECF No. 35.) Patoma is mistaken. In issuing the August 15, 2014 Order, the Court was well aware of Patoma's efforts and fully considered them. The fact that the August 15, 2014 Order summarized those efforts, (August 15 Order at 6), does not mean that the Court overlooked them. Patoma's arguments on this point ignore the fatal flaw in

its position. As discussed in the August 15, 2014 Order, Patoma erroneously assumes that the fair market value of the services it provided concerning the Ground Leases is necessarily equal to the entire fair market value of the Ground Leases. Patoma, however, has never provided any persuasive evidence in support of this absurd proposition.

Second, Patoma notes that a party may testify to the value of its own services or property. (Pl.'s Mem. at 4–5 n. 2, 7.) While that is a correct statement of the law, this point does not alter the Court's conclusion. Paul Henry's declaration asserted that Patoma "solely created and contributed [the Ground Leases] to the venture," and then simply assumed that Patoma should be credited with the entire sales price of the Ground Leases' entire market value. (Decl. of Paul Henry ("Henry Decl.") ¶¶ 35–37, ECF No. 21.) This is not testimony about the fair market value of the services and personal guarantees provided by Patoma.[1] Moreover, even if it could be considered as such, Henry provides no persuasive reasons why the Court should accept such a valuation.[2] Cf. Builders Steel Co. v. C.I.R., 179 F.2d 377, 380 (8th Cir. 1950) ("The value of services may be proved by opinion evidence, and the one who has rendered the services is

---

[1] Both Henry's declaration and Patoma's initial submissions asserted that Patoma "contributed" the Ground Leases, implying that the Ground Leases were property that Patoma conveyed to the LLCs. (Henry Decl. ¶ 35; Pls.' July 11, 2014 Mem. of Law at 10–11, ECF No. 21.) The Ground Leases, however, were not Patoma's property. That is why the August 15 Order focused on the value of the services that Patoma provided related to the Ground Leases. (August 15 Order at 6.) In the instant motion, Patoma now contends, for the first time, that "whether considered property contributed to the venture or the product of services," the entire $1 million sales price of the Ground Leases should be credited to Patoma. (Pl.'s Mem at 6.) Henry's declaration, however, never squarely addresses the fair market value of the services related to the Ground Leases. And, the August 15 Order already rejected Henry's assertion regarding the value of the personal guarantees. (August 15 Order at 7 n. 6.) The Court also notes that Henry's declaration assigned a substantial value to the guarantees over and above the full market value of the Ground Leases—Patoma has never attempted to explain this double-counting.

[2] Although Patoma stresses that Henry is competent to testify about the value of Patoma's services and property, the August 15 Order did not exclude any portion of Henry's declaration as inadmissible. The Court had no reason to make any such evidentiary rulings because, pursuant to the parties' Term Sheet, the parties designed the Court as the fact-finder concerning the issue of distributions. (See Defs.' Opp. to Mot. for Reconsideration at 5 (quoting provision in Term Sheet where the parties agreed "to submit the question of their respective rights to the distribution of sales proceeds to Judge Azrack for decision" ).) Henry's declaration was speculative and utterly unconvincing. It did not provide any persuasive reasons or other evidence in support of Henry's assertions regarding the value of Patoma's services related to the Ground Leases or his "estimates" concerning the other services and property at issue.

qualified to express an opinion as to their worth <u>and to give his reasons for the opinion he expresses</u>.") (emphasis added and internal citations omitted); <u>Mercer v. Vose</u>, 67 N.Y. 56, 58 (1876) (holding that party who rendered services was competent to provide opinion testimony regarding value of the services and noting that such testimony "may not be worth much" to the fact-finder weighing the testimony); 5 A.L.R.3d 947 (1966) ("[M]any courts in upholding the general rule [that a plaintiff can testify about the value of services rendered] stress the fact that the trier of facts is not bound by the evidence of plaintiff, whether or not there is other evidence as to the services performed by plaintiff.")

Third, in addition to reasserting its claim that it should be credited with the entire sales price of the Ground Leases, Patoma also asks, in the alternative, for a hearing concerning the value of its contributions. This request is denied. Patoma did not previously request a hearing; nor did it argue that the Court should credit it with anything less than the entire sales price of the Ground Leases. Patoma's failure to raise these arguments warrants denial of reconsideration on this issue—particularly given that the parties sought an expedited determination from the Court regarding distributions from the LLCs. In such circumstances, the requirement that parties raise all relevant arguments in their initial submissions is critical. Moreover, the Court fails to see what a hearing would accomplish. The Court has already rejected Patoma's argument that it should be credited with the entire sales price of the Ground Leases and Patoma does not even suggest an alternative valuation for its contributions.[3] Furthermore, Patoma did not make a proffer of any additional evidence it would ask the Court to consider at a hearing, and even if it did, it is doubtful that the Court would consider any such evidence at this stage of the proceedings. <u>See</u> Local Rule 6.3 (requiring moving party to identify "the matters or controlling

---

[3] This is not a situation where the Court needs to hear Paul Henry's testimony to assess his credibility. The flaw in Henry's affidavit—the absence of persuasive reasons in support of any purported valuation contained in his affidavit—is apparent from the face of the affidavit.

decisions which counsel believes the Court has overlooked" and not permitting the filing of any affidavits without leave of the Court).

For the reasons stated above, Patoma's motion for reconsideration is denied. In addition, defendants request fees and costs they incurred in opposing the motion for reconsideration. That request is denied.

SO ORDERED.

Dated: November 3, 2014
Brooklyn, New York

_____/s/_(JMA)_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE